IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAIME DE LA CRUZ and<br>HERIBERTO DE LEON<br><br>Plaintiffs<br><br>v.<br><br>WESTERN EXPRESS, INC. and<br>BRUTUS HUDSON<br><br>Defendants | §§§§§§§§§§§§§ | Cause No. 5:22-CV-80 |

## **WESTERN EXPRESS, INC.'S AND BRUTUS HUDSON'S JOINT NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to sections 1332, 1441, and 1446, Title 28 of the United States Code, Western Express, Inc. ("Western Express") and Brutus Hudson ("Mr. Hudson") respectfully file this Joint Notice of Removal, removing Cause No. 2022CVA000938D3 from the 341st Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, as follows:

### **I. Procedural History**

1.  On July 13, 2022, Plaintiffs Jaime De La Cruz ("Mr. De La Cruz") and Heriberto De Leon ("Mr. De Leon") filed their Original Petition in the 341st Judicial District Court of Webb County, Texas, Cause No. 2022CVA000938D3, based on a motor vehicle accident, which occurred in Webb County, Texas and allegedly resulted in injuries to Plaintiffs.

2.  In the Original Petition, Mr. De La Cruz alleges he is an individual domiciled in Texas. Ex. A, State Court Record, Pls.' Pet. at 1. Mr. De Leon alleges he is an individual domiciled in Texas. *Id.*

1

3.      Plaintiffs allege Western Express is not a Texas company, but rather a foreign company, *id.*, and Western Express is a Tennessee company with its principal office in Tennessee.

4.      Plaintiffs further allege Mr. Hudson is not a resident of Texas whom resides in the State of Louisiana. Ex. A, Pls.' Orig. Pet. at 1-2.

5.      Plaintiffs seek damages not in excess of $1,000,000.00 for past and future medical care, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, past and future disfigurement, and past and future loss of earning capacity. *Id.* at 5-6.

6.      Plaintiffs requested a jury trial. *Id.* at 6.

7.      Western Express and Mr. Hudson now timely remove this case to federal court.  x

## II.  Grounds for Removal

8.      Subject matter jurisdiction exists in this case pursuant to section 1332, and therefore, removal of this case to federal court is proper because the amount in controversy is in excess of $75,000 and diversity exists among the parties.

### A.  The amount in controversy exceeds $75,000.

9.      Pursuant to section 1332, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a).

10.     Plaintiffs seek damages in excess of $1,000,000. Ex. A, Pls.' Orig. Pet. at 6. Therefore, the amount in controversy is satisfied.

### B.  Total diversity exists among the parties.

11.     An out of state defendant may remove a case to federal court if total diversity exists. *Flagg v. Stryker Corp.*, 819 F.3d 132, 135-36 (5th Cir. 2016).

12.     Total diversity of citizenship exists because Plaintiffs' citizenship are diverse from Western Express's and Mr. Hudson's citizenship in that (1) Plaintiffs are citizen of the State of Texas; (2)

Western Express is not a Texas corporation, and (3) Mr. Hudson is a citizen of the State of Louisiana. Ex. A, Pls.' Orig. Pet. at 1-2. Thus, complete diversity exists among the parties.

### III.  Proper Venue and Compliance with Removal Procedure

13. Pursuant to section 1441(a), removal to this Court is proper as the accident occurred in Webb County, Texas. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .").

14. Removal of this matter to federal court is timely as Mr. Hudson and Western Express removed this matter within thirty (30) days of being served with a copy of Plaintiffs' Original Petition, the point at which this matter became removable, *see* 28 U.S.C. § 1446(b), and within one year of the commencement of this action, *see id.* § 1446(c)(1).

15. Mr. Hudson and Western Express will properly give Plaintiffs written notice of the filing of this Notice of Removal as required by section 1446(d). Mr. Hudson and Western Express will also promptly file a copy of this Notice of Removal with the District Clerk of the 341st Judicial District Court of Webb County, Texas, Cause No. 2022CVA000938D3.

16. True and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Notice of Removal, as required by section 1446(a). *See* Ex. A, State Court Record.

Accordingly, Western Express and Mr. Hudson, pursuant to and in conformity with the requirements set forth in section 1446, respectfully remove Cause No. 2022CVA000938D3 from the 341st Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas  79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By: /s/ *Oscar A. Lara*
CARLOS RINCON,
TX State Bar No. 16932700
CRincon@rinconlawgroup.com
OSCAR A. LARA
TX State Bar No. 24078827
OLara@rinconlawgroup.com

*Attorneys for Western Express, Inc., and Brutus Hudson*

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record via the Court's electronic service and via email, as follows, on this 16th day of August, 2022:

/s/ Oscar A. Lara
OSCAR A. LARA